UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLARKE,<br><br>        Plaintiff,<br><br>    v.<br><br>PUBLIC EMPLOYEES UNION LOCAL 1,<br><br>        Defendant. | Case No. 16-cv-04954-JSC<br><br>**ORDER RE: MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**<br><br>Re: Dkt. No. 19 |

Now pending before the Court is Defendant's motion for leave to file a third-party complaint. (Dkt. No. 19.) After considering the parties' submissions, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendant's motion.

**BACKGROUND**

Plaintiff Robert Clarke brought this action against his former employer, Defendant Public Employees Union Local 1 for breach of contract. (Dkt. No. 1.) Plaintiff alleges that he entered into an employment contract with Defendant on January 20, 2014 for a 36-month term of employment as Chief Financial Officer that was modified by a March 9, 2015 contract that provided for another 36-month term. (*Id.* ¶¶ 7-8; Dkt. No. 19-2 ¶¶ 6-7; Dkt. No. 19-2 at 4-5, 7-8.) The contracts specified that Plaintiff could only be removed for "illegal acts or malfeasance" and that, in the event that he was terminated for any other reason, he would be entitled to a severance package. (Dkt. No. 1 ¶ 11; Dkt. No. 19-2 at 5, 8.) Plaintiff alleges that he did not commit any illegal act or malfeasance and was terminated without cause in February 2016, and that Defendant has refused to pay the severance package owed under the contract. (Dkt. No. 1 ¶¶ 12-14.)

Defendant now seeks leave to file a third-party complaint against proposed Third-Party Defendant Peter Nguyen, Defendant's General Manager while Plaintiff worked for Defendant, and

the individual who entered into the contracts with Plaintiff on Defendant's behalf. (Dkt. No. 19-2 ¶ 3; Dkt. No. 19-2 at 5, 8.) Defendant alleges that as its General Manager with decision-making and management authority, Nguyen owed Defendant a fiduciary duty. (Dkt. No. 19-3 ¶ 22.) Defendant alleges that its practice and policy was to provide at-will employment to all management employees save the General Manager, including the Chief Financial Officer, and thus Nguyen was expected to hire the Chief Financial Officer and all other employees on an at-will basis. (Dkt. No. 19-2 ¶¶ 4-5; *see* Dkt. No. 19-3 (Proposed Third-Party Complaint) ¶¶ 10-11.) Nevertheless, Nguyen entered into two unapproved employment contracts with Plaintiff with terms unfavorable to Defendant without seeking approval or disclosing the contracts' existence to Defendant; to the contrary, Nguyen "actively concealed the purported contracts' existence." (Dkt. No. 19-2 ¶¶ 6-8; Dkt. No. 19-3 ¶¶ 12-15.) The proposed third-party complaint brings one claim of breach of fiduciary duty against Nguyen. (Dkt. No. 19-3 ¶¶ 22-26.)

This case was filed in August 2016. (Dkt. No. 1.) Defendant was served at the end of October and answered in mid-November. (Dkt. Nos. 6, 14.) Fact discovery closes in August 2017, and trial is set for January 16, 2018. (Dkt. No. 17 at 1-2.) The Pretrial Order did not include a deadline to move to amend the pleadings. (*See id.*) To date, the parties have engaged in only limited discovery in advance of mediation. (*See id.*)

## DISCUSSION

Federal Rule of Civil Procedure 14(a)(1) provides that

> [a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Thus, a defendant may assert a third-party claim under Rule 14(a)(1) "only when the third-party's liability is in some way dependent on the outcome of the main claim, or when the third-party is secondarily liable to the defending party." *Three Rivers Provider Network, Inc. v. Jett Integration*, No. 14ccv1092 JM (KSC), 2015 WL 859448, at *6 (S.D. Cal. Feb. 27, 2015) (citing *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199-200 (9th Cir. 1988)). Put another way, "[t]he crucial characteristic of a Rule 14 claim is that [the] defendant is attempting to transfer to the third-party

defendant the liability asserted against him by the original plaintiff" and so "[t]he mere fact that the alleged third-party claim arises from the transaction or set of facts as the original claim is not enough." *Stewart*, 845 F.2d at 200 (internal quotation omitted).  For example, "[i]mpleader is commonly used for claims against a third party for indemnification, subrogration, breach of warranty, contribution among joint tortfeasors." *Kormylo v. Forever Resorts, LLC*, No. 3:13-cv-0511-JM (WWG), 2013 WL 5212090, at *2 (S.D. Cal. Sept. 13, 2013) (citation omitted).  Defendant meets this derivative liability requirement: the substantive basis for Plaintiff's complaint is that Defendant breached his employment contract, and the allegations in the third-party complaint would transfer liability for any such breach onto Nguyen from Defendant on the grounds that by entering the same contracts Nguyen breached his fiduciary duty to Defendant.

Ultimately, "[t]he decision to allow a third-party defendant to be impleaded under [R]ule 14 is entrusted to the sound discretion of the trial court." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983) (citation omitted).  The purpose of this rule is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) (citation omitted).  "Therefore, courts have construed the rule liberally in favor of allowing impleader." *Universal Green Solutions, LLC v. VII Pac Shores Investors LLC*, No. C-12-05613-RMW, 2013 WL 5272917, at *2 (N.D. Cal. Sept. 18, 2013) (citation omitted).  In exercising its discretion as to impleader, the court must "balance the desire to avoid a circuitry of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (quotation marks and citation omitted).  In determining whether to permit a third-party complaint, courts usually consider the following factors: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead.  *Id.* (citation omitted).  Defendant satisfies each of these requirements.

Permitting the third-party complaint will not prejudice Plaintiff.  He argues that it will prejudice him "because it would be a total waste of time and resources."  (Dkt. No. 24 at 4.)

1 While the filing of meritless claims against Nguyen may be prejudicial to Nguyen, it is not
2 prejudicial to Plaintiff.  Plaintiff does not identify any other prejudice.  He does not respond to
3 Defendant's argument that the proposed third-party complaint will not complicate the issues at
4 trial, and he therefore concedes that it will not.  *See Ardente v. Shanley*, No. 07-4479 MHP, 2010
5 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this argument and
6 therefore concedes it through silence.").  The Court would reach the same conclusion even absent
7 Plaintiff's concession: Nguyen would already be a witness at trial, and his involvement and
8 authority to enter the contracts at issue would be litigated regardless of whether Defendant is
9 permitted to file a third-party complaint.  Indeed, in the Pretrial Order the Court directed the
10 parties to engage in limited discovery in advance of mediation, including allowing each party to
11 depose Nguyen.  (Dkt. No. 17 at 1.)  Further, the proposed third-party complaint involves one
12 third-party defendant and a single cause of action arising out of the same contracts at issue in
13 Plaintiff's complaint.  Thus, the third-party complaint will not substantially complicate the action.
14 Third, Plaintiff concedes that the third-party complaint will not delay trial.  (Dkt. No. 24 at
15 4.)  This case is still early in the discovery phase: there are seven months left before the close of
16 fact discovery, and trial is nearly a year away.  Similarly, Plaintiff concedes that Defendant's
17 motion is timely.  (*See id.*)  Defendant filed the instant motion for leave to file a third-party
18 complaint only three months after being served with the complaint and only two months after
19 filing its answer; other courts have found even longer lapses timely.  *See, e.g.*, *Universal Green*
20 *Solutions, LLC*, 2013 WL 5272917, at *4 (motion was timely when filed three months after
21 answer); *Kormylo*, 2013 WL 5212090, at *2 (motion was timely when filed six months after case
22 was filed).
23 The gravamen of Plaintiff's opposition is that Defendants "fail to make even a threshold
24 showing that Peter Nguyen was its fiduciary" and therefore leave to file the proposed third-party
25 complaint should be denied and stricken as futile.  (Dkt. No. 24 at 2-3.)  Put simply, Plaintiff
26 contends that the proposed third-party complaint and motion fail to support the existence of a
27 fiduciary relationship.  (*Id.* at 3.)  Plaintiff does not cite any case holding that courts may deny
28 leave to file a third-party complaint based on futility.  To the contrary, courts have rejected that

United States District Court
Northern District of California

argument, noting that "Rule 14(a) expressly permits impleader where the proposed third-party defendant 'may be liable' to the original defendant" and the proposed third-party complaint "asserts at least a colorable claim for relief[,]" as "[a]ny Rule 12 defenses . . . are properly raised by [the] third-party defendant in its answer to the third-party complaint, not by . . . the original plaintiff in opposition to a motion for leave to file." *Clark Cnty. v. Jacobs Facilities, Inc.*, No. 2:10-CV-00194-LRH-PAL, 2011 WL 44587797, at *1 (D. Nev. Sept. 23, 2011) (citation omitted); *see also Villegas v. Hackett*, No. 03 CV 2133, 2007 WL 4277509, at *3 (S.D. Cal. Dec. 5, 2007) (declining to address the parties' arguments about "the issue of viability" of the complaint on a Rule 14 motion for leave to file a third-party complaint because "that issue is not now before the court").

In short, construing Rule 14(a)(1) liberally in favor of impleader, *see Universal Green Solutions, LLC*, 2013 WL 5272917, at *2, to the extent Defendant has an actionable claim that belongs in this forum against Nguyen—an issue better left for Nguyen to challenge once he is served—resolving all disputes arising from Plaintiff's employment contracts in one litigation would "avoid a circuitry of actions" and inconsistent results. *Irwin*, 94 F. Supp. 2d at 1056. The judicial economy of allowing Defendant to implead Nguyen outweighs any prejudice to Plaintiff.

**CONCLUSION**

For the reasons described above, the Court GRANTS Defendant's motion for leave to file a third-party complaint against Nguyen.

This Order disposes of Docket No. 19.

**IT IS SO ORDERED.**

Dated: February 10, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLARKE,<br><br>            Plaintiff,<br><br>    v.<br><br>PUBLIC EMPLOYEES UNION LOCAL 1,<br><br>            Defendant. | Case No. 16-cv-04954-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 10, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Clarke
5905 W. Charleston Blvd, Apt 318
Las Vegas, NV 89146

Mark LeHocky
Judicate West
100 Pine St.
Suite 1950
San Francisco, CA 94111

Dated: February 10, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY