UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROBERT CLARKE, | Case No. 16-cv-04954-JSC |
| --- | --- |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS, GRANTING REQUEST FOR JUDICIAL NOTICE AND DENYING MOTION FOR RULE 11 SANCTIONS** |
| PUBLIC EMPLOYEES UNION LOCAL 1, et al., | |
| Defendants. | Re: Dkt. Nos. 54, 54-5, 58 |
| | |
| PUBLIC EMPLOYEES UNION LOCAL 1, | |
| Third-Party Plaintiff, | |
| v. | |
| PETER NGUYEN, | |
| Third-Party Defendant. | |

This action arises out of Third-Party Plaintiff Public Employees Union Local 1's ("PEU's") claim that Third-Party Defendant Peter Nguyen ("Nguyen") breached his fiduciary duty to PEU in offering Robert Clarke ("Clarke") a term contract. Now pending before the Court is Nguyen's motion to dismiss, and in the alternative, motion for summary judgment (Dkt. No. 54), Nguyen's request for judicial notice (Dkt. No. 54-5) and motion for Rule 11 sanctions (Dkt. No 58.) After carefully considering the parties' submissions, and having had the benefit of oral argument on June 8, 2017, the Court GRANTS Nguyen's request for judicial notice, DENIES Nguyen's motion to dismiss and DENIES WITHOUT PREJUDICE Nguyen's motion for Rule 11

sanctions. Nguyen has not shown as a matter of law that PEU's breach of fiduciary duty claim fails.

## BACKGROUND

### A. Complaint Allegations

PEU employed Nguyen as its General Manager beginning in July 2013. (Complaint ¶ 8, Dkt. No. 32.) As General Manager, Nguyen exercised discretionary authority over hiring staff. (*Id*. ¶ 9.) The General Manager is the only management position that operates under a term contract; PEU employs all other management employees at-will. (*Id*. ¶ 10.) Nguyen had the authority to employ staff on an at-will basis and did not have the authority to create term contracts. (*Id*. ¶¶ 10, 11.)

In January 2014, Nguyen hired Clarke as the union's Chief Financial Officer. (*Id*. ¶ 12.) Nguyen did not disclose to PEU's Board of Directors that he offered Clarke a term contract. (*Id*.) Nguyen and Clarke entered into a new term contract in March 2015, with a term of 36 months. (*Id*. ¶¶ 13, 14.) PEU's Board of Directors knew Nguyen hired Clarke but not that he had created a term contract for the position. (*Id*. ¶ 15.) In June 2015, PEU terminated Nguyen's employment contract after investigating financial improprieties he allegedly committed. (*Id*. ¶ 16.) In the course of that investigation, Clarke alluded to his "contract," but PEU's Board of Directors believed he was referring to his letter of employment, not a term contract. (*Id*.) In November 2015, PEU's new General Manager was surprised when Clarke supplied his employment contract, which contained a severance package. (*Id*. ¶ 17.) Shortly thereafter, PEU began investigating Clarke's conduct as CFO and terminated his employment after finding that he committed financial malfeasance. (*Id*. ¶ 18.)

### B. Procedural Background

Clarke responded to PEU's termination of his employment by filing the underlying lawsuit against PEU for breach of contract. (*Id*. ¶ 19.) PEU filed its third-party complaint for impleader in February of this year. (*See generally* Complaint.) PEU alleges that Nguyen must assume its potential liability to the extent that its employment contracts with Clarke are deemed valid and PEU is found to be in breach of them. (*Id*. ¶ 3.) PEU alleges breach of fiduciary duty as its one claim for relief and seeks compensatory, consequential, and punitive damages, as well as

attorney's fees and costs. (*Id.* ¶ 22-26.) Nguyen responded to PEU's Complaint by filing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss and Rule 11 motion for sanctions.

**LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept [s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams,* 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663–64.

3

**DISCUSSION**

**A. Nguyen's Request for Judicial Notice**

As a preliminary matter, the Court must decide what materials it will consider when determining whether the Complaint survives Nguyen's motion to dismiss, as Nguyen submitted materials outside the pleadings. (Dkt. Nos. 54-6, 54-7, 54-8, 54-9.) The Court GRANTS Nguyen's request for judicial notice. (Dkt. No. 54-5.)

When considering a motion to dismiss, a court does not normally look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). However, under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal quotation marks and citations omitted).

Here, Nguyen requests that the Court judicially notice a separate state court lawsuit he filed in July of 2016 against PEU alleging discrimination, wrongful termination, defamation, and retaliation (among other claims) (Dkt. No. 54-6) and the Superior Court for Contra Costa County's determinations in that case as of this point. (Dkt. Nos. 54-7, 54-8, & 54-9.) PEU opposes Nguyen's requests for judicial notice, arguing that Nguyen's state court lawsuit "is entirely unrelated to this matter" and "has no bearing on whether he owes a fiduciary duty" to PEU. (Dkt. No. 55 at 2[1].)

The Court GRANTS Nguyen's request for judicial notice of his separate state court lawsuit because it is an undisputed matter of public record. *See Harris*, 682 F.3d at 1132.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

4

**B. Nguyen's Arguments**

Nguyen makes two arguments in his motion to dismiss. (Dkt. No. 54.) First, the Court should dismiss PEU's complaint because its allegations contradict the terms of his employment contract. (Dkt. No. 54 at 3.) Second, PEU failed to plead breach of fiduciary duty as a matter of law. (Dkt. No. 54 at 9.)

**1. Nguyen's Employment Contract Does not bar PEU's Claim**

Nguyen attaches his employment contract to his motion and argues that its terms doom PEU's breach of fiduciary duty claim. In particular, his employment contract required him to implement and follow PEU's policy directives in accordance with union bylaws. (Dkt. No. 54-2 at 2.) Further, the contract provides that as General Manager, Nguyen had "the sole authority to hire, promote, or dismiss staff for the betterment of the union." (*Id*.) The contract also provides that Nguyen was "responsible for recommending staff salaries and benefits to the Board of Directors." (*Id*.) Thus, Nguyen argues that his employment contract did not require him to seek approval from PEU's Board of Directors to create term contracts and thus precludes PEU's claim. (Dkt. No. 54 at 9.)

**a. The Contract may not be Considered on a Motion to Dismiss**

In granting a motion to dismiss, a court may consider the complaint, as well as documents incorporated by reference into the complaint, without converting the motion into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Nguyen cites *Parrino v. FHP, Inc*. for the proposition that the Court can consider his employment contract because PEU's Complaint "necessarily relies" on its contents. (Dkt. No. 57 at 2.); 146 F. 3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds, as recognized in Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 681 (9th Cir. 2006) (per curiam). Nguyen claims that by omitting explicit reference to his employment contract, "Local 1 attempted to give itself free reign to reimagine Mr. Nguyen's obligation to 'recommend staff salaries and benefits to the Board of Directors' as a broader obligation to recommend all terms of employment to the Board of Directors in order to create a basis for a claim against him." (Dkt. No. 67 at 3.)

The Court may not consider Nguyen's contract on his motion to dismiss because PEU's breach of fiduciary duty claim does not "necessarily rely" on Nguyen's contract. PEU's cause of

5

action is that Nguyen "breached his fiduciary duties by entering into contracts with Robert Clarke that were and are detrimental to PEU's interests." (Complaint ¶ 25.) Thus, PEU's claim does not depend on the existence or contents of Nguyen's employment contract, but rather on Nguyen's conduct in exercising his discretionary authority as PEU's General Manager. (Dkt. No. 56 at 2.)

### b. The Contract does not bar PEU's Claim

Even if the Court could consider Nguyen's contract, it does not defeat PEU's claim as a matter of law. Nguyen cites *Oakland Raiders v. National Football League* for the proposition that his employment contract bars PEU's breach of fiduciary duty claim. (Dkt. No. 54 at 11); 131 Cal. App. 4th 621, 634 (2005). Nguyen argues that his hiring authority "was governed by a written contract" and therefore "there was no fiduciary relationship between Local 1 and Mr. Nguyen regarding Mr. Nguyen's hiring authority." (*Id*.) However, *Oakland Raiders* recognized that a fiduciary duty exists as a matter of law between "corporate officers and directors on the one hand, and the corporation and its shareholders, on the other hand." 131 Cal. App. 4th at 632. The court noted that a fiduciary duty may exist even when the corporation is a nonprofit. *Id*. at 636.

Further, "a fiduciary duty has a life separate from contractual obligations" and such a duty "is ordinarily not otherwise limited by the existence of a contract." *Hands on Video Relay Servs., Inc. v. American Sign Languages Servs. Corp*., No. 09-996, 2009 WL 8691614, at *6 (E.D. Cal. Aug. 12, 2009). "California courts have therefore held that when a fiduciary duty exists, this duty is sufficiently separate from other contract duties to support a tort claim for breach of fiduciary duty. In cases where California courts have rejected claims for breach of fiduciary duty between contracting parties, they have done so on the ground that no fiduciary duty existed, rather than on the ground that the fiduciary duty was indistinct from or subsumed by the contract." *Id*.

Nguyen next argues that his employment contract proves he had the "sole authority to enter contracts with [PEU] staff, including Mr. Clarke, and that only the salary and benefits of this agreement needed Board approval." (Dkt. No. 54 at 10-11.) And further, that nothing in PEU's bylaws required Board of Directors approval for hiring decisions. These contract provisions, however, do not mean that Nguyen could exercise his discretion in breach of his fiduciary duties. Moreover, drawing all inferences in PEU's favor, the Court cannot conclude as a matter of law that Clarke's contract term and severance are not matters that required Board approval.

Thus, Nguyen's contract does not preclude PEU's claims.

### 2. PEU States a Claim for Breach of Fiduciary Duty

"Before a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *Comm. on Children's Television Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 221 (1983), *superseded by statute as stated in Branick v. Downey Sav. and Loan Ass'n*, 39 Cal. 4th 235 (2006). Fiduciary duties are imposed as a matter of law in a variety of relationships, including that of corporate officers and directors, who "stand in a fiduciary relation to the corporation and its shareholders." *Thomas Weisel Partners, LLC v. BNP Parabas*, No. 07-6198, 2010 WL 1267744 at *6 (N.D. Cal. 2010) (internal citations and quotation marks omitted). A fiduciary relationship is one where the fiduciary must act "with the utmost good faith" for the benefit of the other party. *See, e.g., Sterling Savings Bank v. Poulsen*, No. 12-01454, 2013 WL 3945989 at *15 (N.D. Cal. 2013) (internal citations and quotation marks omitted). As a fiduciary, a corporate officer or director must "protect the interests of the corporation committed to his charge" and "refrain from doing anything that would work injury to the corporation." *English & Sons, Inc. v. Straw Hat Restaurants, Inc.*, 176 F. Supp. 3d 904 (N.D. Cal. 2016) (internal citations and quotation marks omitted). Moreover, a fiduciary must give "priority to the best interest of the beneficiary." *Comm. on Children's Television Inc.*, 35 Cal. 3d at 222. Determining whether a fiduciary breached his or her duty is a question of fact. *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 32 (1985).

Nguyen argues that there was no breach of a fiduciary obligation because in California, "a fiduciary must act as a reasonably careful person would have acted under the same or similar circumstances." (Dkt. No. 54 at 11.) However, a corporate officer's fiduciary duty to the corporation is more expansive than under a simple negligence standard because a fiduciary must give "priority to the best interest of the beneficiary." *Comm. on Children's Television Inc.*, 35 Cal. 3d at 222. Indeed, a fiduciary is required to "account to the beneficiary, and must keep the beneficiary fully informed as to all matters pertinent to the beneficiary's interest in the res." *See Oakland Raiders*, 131 Cal. App. 4th at 631.

Nguyen relatedly argues that he did not breach his fiduciary duty to PEU because "entering

a term contract was not inherently detrimental" to PEU and "providing a term contract could serve to encourage the best people available to choose to come work for" PEU, to its benefit. (Dkt. No. 54 at 11.) Nguyen argues that "a reasonably careful person" would not forego entering a contract of this type. (*Id*.) These arguments are unavailing at this stage for two reasons. First, a breach of fiduciary duty claim is a question of fact under California law but there has been little fact development in this case. *See Tenzer v. Superscope*, Inc., 39 Cal. 3d 18, 32 (1985). Second, on a motion to dismiss, the Court must accept as true PEU's factual allegations concerning the "detrimental" nature of Clarke's employment contract and construe the pleadings in the light most favorable to PEU, so Nguyen's arguments concerning the potential benefits of offering a term contract to Clarke do not negate PEU's arguments concerning the "detrimental" effects of this contract on the union. (Complaint ¶¶ 2, 24, 25.)

## CONCLUSION

For the reasons stated above, the Court DENIES Nguyen's motion to dismiss, and in the alternative, motion for summary judgment. For the reasons explained at oral argument, the Court also DENIES Nguyen's motion for sanctions without prejudice. The parties shall attend mediation on June 29, 2017 without first conducting depositions in order to conserve fees and costs. The Court will hold a further case management conference on July 27, 2017.

**IT IS SO ORDERED.**

Dated: June 14, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge